Mr. Justice Trotter :
This is an appeal from a' decree of the Court of Chancery. *297 The material facts disclosed in the bill, answer and exhibits are the following. The complainant and one Abraham Whitaker, made their promissory note to the, appellees, N. & J. Dick, & Co. dated the 8th day of Apfil, 1837, and payable on the first day of January following, for the sum of nine thousand four hundred and ninety-four dollars and fifty-six cents. And to secure the prompt payment of the same, gave a deed in trust on property, with an authority to the trustee to sell the same if the debt was not punctually paid. A short time afterwards, .the complainant, at tfye request' of N. & J. Dick, & Co. gave a new note for the same sum, due at the same time, and to the same persons, making the latter payable at New Orleans. This was taken in lieu of the first note, and the alteration by which the money was to be paid at New Orleans, was agreed to by the complainant and the other maker, for the accommodation of the payers, who resided in that city. The complainant seeks by his'bill to enjoin the execution of the deed in trust, on the sole ground of this alteration.
We do not deem it necessary to enter into a- detail of the argument on this question. It is so self-evident as to be incapable of illustration. The alteration was made with the consent of the complainant expressly given. How then can’ he complain of it, or ask the chancellor to displace the security of the deed in trust? The alteration was immaterial at any rate. It only designated a place where the money should be paid. This.might have been done by a. memorandum on the original note, as that did not state any place of payment. It has been held, that if after a note is endorsed, the maker write a place of payment in the margin of the note, or under his name, even without the consent of the indorser; or if after the acceptance without the consent of the acceptor, it will not invalidate the note. Bank of America v. Woodward, 18 J. R. 315. Marson v. Petit, 1 Camp. N. P. C. 82. Bayley on Bills, 94. The complainant has urged no ground of injury, or of oppression under his consent voluntarily given to make this alteration. And the only ground offered for the interposition of the court below, is the ambiguous allegation that the first note had been lifted and arranged.
The decree must be''affirmed.